UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------ x
Louis Diaz, Gregory Korniloff and : 
Jack Toal, on behalf of themselves : Civil Action No. 08-CV-00401 (CM)
and as representatives of the Class, :
 : *Electronically Filed*
            Plaintiffs, :
 :
     vs. : **AFFIDAVIT OF JOHN V. LEDWITH JR.**
 :
NBC Universal, Inc., :
 :
            Defendant. :
------------------------------------------------ x

STATE OF CALIFORNIA    )
                       : ss.:
COUNTY OF LOS ANGELES)

    John V. Ledwith Jr., being duly sworn, deposes and says:

    1.    I am Senior Vice President of International Distribution at Universal Pictures International, a division of Universal City Studios LLLP ("Universal"), the entity that produced the film American Gangster. I am aware of the following facts either from my own personal knowledge or based upon my review of corporate records maintained in the ordinary course of business.

    2.    In addition to its theatrical release in the United States, the film American Gangster is in the midst of a worldwide release in a total of more than 50 countries. The film is being released at different times in different territories, and is now in the early stages of its theatrical runs in several significant markets, including Argentina, Australia, Brazil, Italy, New Zealand, Poland, Spain and Turkey, and is scheduled to be released in Japan, Mexico and Chile during February 2008. In other countries, including France, Germany and the United Kingdom,

the film has been in release since November 2007, and is nearing the end of what is typically a 10-12 week theatrical run.

3.      If Universal were enjoined from further distributing and exhibiting the film internationally, it would suffer substantial financial and reputational injury. <u>American Gangster</u> has performed well in the international market (it ranked number 4 film in international box office receipts last weekend), and Universal likely would lose tens of millions of dollars in box office revenue if it were unable to complete the scheduled international distribution of the film. Even if Universal were permitted to distribute a modified version of the film, it would be extremely difficult and costly to recall all prints of the film currently being shown in theaters around the world, to re-edit the film, and to re-release a modified version of the film in the more than 35 territories in which it is currently being shown. Because of the passage of time and the costs associated with recalling and re-releasing the film, it almost certainly would not be cost-effective to resume the theatrical release of the film in many of these territories.

4.      Moreover, Universal has contractual commitments to make advertising and marketing expenditures in each country where the film is released, expenditures that are tied to the present scheduled release dates of the film in those countries. If Universal were enjoined from further distribution the film in its present form, some $5-10 million in such advertising costs likely would be lost. In addition, foreign theater operators might well demand reimbursement for their own lost advertising investments. Finally, Universal would suffer a loss

of goodwill and a diminished reputation among international theater operators and exhibitors for instituting a recall of the film in the midst of its international theatrical release.

_____
John V. Ledwith Jr.

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 31st day of January, 2008, by John V Ledwith Jr.,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature Rosanna Toth Oxhorn (Seal)

